# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BANKERS LIFE AND CASUALTY CO., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 10 C 2523 |
| THADDEUS POLONCZYK, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Bankers Life and Casualty Co. has sued its former agent Thaddeus Polonczyk for breach of contract between them. Polonczyk was a Bankers Life agent in Loveland, Ohio, which is near Cincinnati.

Polonczyk terminated his agent agreement in February 2010. Bankers Life alleges that after that, he caused two other men, Tony Cartisano and Bradley Leisure, to visit the homes of three holders of Bankers Life insurance policies to induce them to cancel their Bankers Life policies and purchase policies from another insurer. It does not appear that any of the policyholders ended up canceling their Bankers Life policies. If Polonczyk did what Bankers Life alleges, he likely violated a non-solicitation provision in his agent agreement, which prohibited him from soliciting, for anyone other than Bankers Life, policy holders within his territory, which included southwest and south-central Ohio and north-central Kentucky. Polonczyk says he had nothing to do with any attempts to solicit these or any other Bankers Life policyholders.

Bankers Life is headquartered in this district. It filed suit here pursuant to a provision in the contract stating that any lawsuits under the contract "shall be in a court located in Chicago, Cook County, Illinois." Agent Agr. ¶ 25. Polonczyk now lives in Latonia, Kentucky, which is a few miles south of the Ohio River just across from Cincinnati, Ohio. He has only a part-time job and says he cannot afford to retain counsel in Chicago. Polonczyk has moved to transfer the case to an appropriate district in Ohio or Kentucky pursuant to 28 U.S.C. § 1404(a).

**Discussion**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Because this case is in federal court based on diversity of citizenship, under 28 U.S.C. § 1391(a), the "other district[s] . . . where it might have been brought" include the Eastern District of Kentucky, where Polonczyk resides, *see* 28 U.S.C. § 97(a), or the Southern District of Ohio, where essentially all of the events giving rise to the claim took place.

In evaluating the convenience of the parties and witnesses, a court ordinarily considers the plaintiff's choice of forum; the situs of material events; the relative ease of access to sources of proof; the convenience of the witnesses; and the convenience of the parties of litigating in the respective forums. *See, e.g., Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999). Polonczyk has the burden of showing that "the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

2

The forum selection provision of the contract is "a significant factor that figures centrally in the district court's calculus" regarding whether transfer is appropriate. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The presence of a contractual forum selection term, however, does not eliminate the court's authority to transfer a case under section 1404(a). "Despite the existence of a valid forum-selection clause, courts may still transfer a case under § 1404(a)." *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.3d 1286, 1293 (7th Cir. 1989) (citing *Stewart Org.*, 487 U.S. at 31 (forum selection clause is not dispositive)).

That said, Polonczyk's agreement to the forum selection term amounts to a waiver of his "right to assert *his own* inconvenience as a reason to transfer a case." *Id.* (emphasis added). Rather, the court may consider only the convenience of Bankers Life, the convenience of the witnesses, and the interests of justice. For this reason, the Court does not consider Polonczyk's financial status or the inconvenience he would face in having to litigate the case in Chicago and instead focuses on the other section 1404(a) factors.

First, it would be more inconvenient for Bankers Life to litigate the case in Ohio or Kentucky than in Chicago. Specifically, Bankers Life's attorney is located in Chicago, and it would have to hire local counsel in the other forum were the Court to transfer the case.

Second, the parties' materials identify several potential witnesses (not including Polonczyk) who might be called upon to testify as the case proceeds. These include the three holders of Bankers Life policies; Leisure; Cartisano; Jeffrey Lambdin, the manager of Bankers Life's Loveland, Ohio branch; and Scott Goldberg, a Bankers Life

vice-president. From what the Court can determine, all of these witnesses other than Goldberg reside in southern Ohio. Goldberg resides in Chicago.

Based on the record before the Court, it is clear that the Ohio witnesses' testimony will be crucial to determination of the parties' dispute. Because Polonczyk's defense is that he did nothing to solicit or cause others to solicit Bankers Life policy holders, the case likely will turn on testimony of the policy holders and the two men Polonczyk allegedly caused to solicit them. By contrast, the relevance, or at least the probative value, of Goldberg's testimony is questionable. The only information Bankers Life has given the Court about that testimony is an affidavit, submitted in support of Bankers Life's motion for a preliminary injunction, that the company's policy holders typically do not move their insurance to other companies. Even if admissible, such testimony is likely to carry little if any weight in a case in which the question is whether particular policy holders actually were solicited (unsuccessfully, it appears) to move from Bankers Life to another insurance company.

Bankers Life says that it is prepared to take the depositions of the Ohio witnesses by telephone. Our system of justice, however, prefers trials that involve live testimony. One of the aims of section 1404(a) is to "minimize the risk of 'trial by deposition.'" *Worldwide Financial LLP v. Kopko*, No. 1:03-CV-0428-DFH, 2004 WL 771219 (S.D. Ind. Mar. 18, 2004) (Hamilton, J.) (citing cases).

In sum, the factor of convenience of the witnesses weighs heavily in favor of transfer. It is fair to infer that all of the Ohio witnesses are within the subpoena power of the federal court in Cincinnati. It is less clear whether they would be within the subpoena power of a federal court in the Eastern District of Kentucky, though that

4

district holds court in Covington, Kentucky, which is just across the border from Cincinnati and may be a district in which all of the witnesses properly could be subpoenaed to appear.

In considering the interests of justice, the relevant factors include "the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *First Nat'l Bank v. El Camino Resources, Ltd.*, 447 F. Supp. 2d 902, 912 (N.D. Ill. 2006). The first of these factors weighs against transfer; the agent contract provides that Illinois law governs its enforcement. It is not entirely clear whether choice of law is a significant issue. Contract law does not vary a lot from state to state. But there is always a possibility in a case of this type that the defendant will argue the non-solicitation provision is too stringent or broad to be enforceable, and the law on that issue does vary to some extent from state to state. The Court will thus assume that choice of law may be a significant factor in the case.

The second interests-of-justice factor is a wash. Neither side has given the Court information about how quickly the case is likely to proceed to trial in the respective forums.

The third factor weighs, and weighs significantly, in favor of transfer. This controversy is centered in, and only in, southern Ohio. That is where Polonczyk signed his contract; it is where he worked and solicited clients; and it is where he is claimed to have breached the contract.

Though Bankers Life's choice of its home forum, the forum the parties selected in their contract, is entitled to great weight, as is the forum selection clause itself, this is

one of the rare cases in which transfer under section 1404(a) is appropriate despite the presence of a forum selection agreement. In the Court's view, it speaks volumes that Bankers Life can identify only a single Chicago-based witness, one whose testimony might not even be admissible or if admissible would have minuscule probative value. This is an Ohio-centered case that should be litigated there. Given Polonczyk's defense, evaluation of the credibility of the witnesses is of paramount importance, and this is best and most appropriately done in a forum where they can appear live. The interests of justice and the convenience of the witnesses far outweigh the contractual choice of a Chicago forum and the convenience of Bankers Life.

## Conclusion

For the reasons stated above, the Court grants defendant's motion to transfer. The Clerk is directed to transfer the case to the Southern District of Ohio, Western Division.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 16, 2010